Decided 21 January, 1904.

## STATE v. ARMSTRONG.

[74 Pac. 1025.]

UNEXECUTED DEATH WARRANT—FIXING NEW DATE.

Where the time for executing a capital sentence is not part of the judgment, but is fixed by the court, the warrant does not expire (unless it is specially so provided) and is not affected by a failure to execute it at the appointed time. In such cases the better practice is for the court from which the warrant issued to assign a new date for the execution.

From Baker: ROBERT EAKIN, Judge.

.Pleasant Armstrong appeals from an order fixing a new date for his execution, the time stated in the death warrant having passed while his case was on appeal: 43 Or. 207 (73 Pac. 1022).                          AFFIRMED.

For appellant there was an oral argument by *Mr. M. M. Godman* and *Mr. Geo. J. Bentley.*

For the State there was an oral argument by *Mr. Andrew M. Crawford*, Attorney-General.

MR. JUSTICE BEAN delivered the opinion.

On March 31, 1903, a judgment of death was pronounced against the defendant by the circuit court for Baker County upon a conviction previously had.   On the same day a warrant was duly issued, and delivered to the sheriff as required by law, in which a day was appointed for the execution of the judgment.   Before the judgment was executed, however, an appeal was taken by the defendant, and a certificate of probable cause issued by one of the justices of

this court, thereby staying the execution. The judgment was affirmed in October, 1903 : *State* v. *Armstrong*, 43 Or. 207 (73 Pac. 1022). At the time of the rendition of the judgment from which the appeal was taken, and the issuance of the warrant thereon, the statute provided that a judgment of death should be executed by the sheriff in the county where the action was commenced : B. & C. Comp. §§ 1456, 1457. Pending the appeal the statute was so amended as to require the execution to take place in the penitentiary, and performed by the superintendent or wardens thereof, but the amendatory act contains a provision that it should not apply to any warrant issued prior to its taking effect: Laws 1903, p. 66. After the judgment of affirmance had been remitted to the clerk of the court below, and by him entered in the journal, the circuit court caused the defendant to be brought before it, and thereupon, without resentencing him or issuing a new warrant, appointed another day for the execution of the warrant issued on the original judgment. The defendant insists that this was error. His contention is that under the amendatory act of 1903, which was then in force, the court had no power to direct him to be executed in Baker County, but should have issued a new warrant for his execution at the penitentiary, and this is the only question for consideration.

Under the statute the time for the execution of a judgment of death is no part of the judgment, and is not required to be stated therein. When the judgment is pronounced, a warrant signed by the judge and attested by the clerk, stating the conviction and judgment, and appointing a day upon which the judgment is to be executed, must be drawn and delivered to the sheriff of the county : B. & C. Comp. § 1456. After it has been executed, the sheriff or officer executing it must return it to the clerk, with a statement of his doings indorsed thereon : B. & C.

Comp. § 1460. If, after the warrant has been issued, an appeal is taken, its execution is stayed or suspended upon filing with the notice of appeal a certificate of the trial judge or a justice of this court that, in his opinion, there is probable cause for the appeal: B. & C. Comp. § 1475. And the sheriff or other officer having the defendant in his custody, upon being served with a copy of such certificate, must keep him without executing the warrant, and detain him to abide the judgment on appeal: B. & C. Comp. § 1477. A judgment may be reversed, affirmed, or modified by the appellate court, and a new trial ordered, if necessary: B. & C. Comp. § 1485. When a new trial is ordered, it must be directed to be had in the court below: B. & C. Comp. § 1486. From the entry of the judgment in that court the cause is to be deemed pending and for trial therein: B. & C. Comp. §1489. There is no special provision as to the procedure in case of an affirmance of the judgment, except that, when the judgment upon appeal is given, it must be entered in the journal of the appellate court, and a certified copy of the entry forthwith remitted to the clerk of the court below: B. & C. Comp. § 1487. Upon its receipt the clerk must enter the same in the journal, and thereafter the judgment must be enforced without any further proceedings, unless the appellate court so direct, as a judgment of the court below: B. & C. Comp. § 1488.

From these provisions of the statute, it is clear that an appeal in criminal actions does not vacate the judgment, or the warrant issued thereon, nor does it suspend the execution thereof, unless a certificate of probable cause is filed with the notice of appeal: *Whitley* v. *Murphy*, 5 Or. 328 (20 Am. Rep. 741). If such a certificate is filed, it operates to suspend or hold in abeyance the execution of the judgment, and the sheriff or officer having the custody of the defendant is required to keep him to abide the judg-

ment on appeal. Any further proceedings under the warrant or judgment are by the appeal and certificate of probable cause suspended until the appeal is disposed of, but the validity of the judgment or the warrant is not affected by the appeal unless the cause is reversed. The affirmance of the judgment is a finding that there is no error therein, and the cause stands in the court below after the certified copy of the order of affirmance has been entered in the journal by the clerk thereof, so far as its execution is concerned, the same as if no appeal had been taken, and for some other reason the warrant had not been executed on the day appointed. The warrant has not expired by limitation, and its commands have not been obeyed. Further proceedings thereon were suspended pending the appeal, but the defendant was held and is in custody under the original warrant directing his execution. The officer cannot execute the warrant, it is true, not because it has expired, but because the day fixed by the court has passed, the same as if the prisoner had escaped, or, for some other reason not affecting the validity of the judgment, the day appointed had been allowed to pass without the execution of the judgment. In such case the authorities are agreed, so far as we have been able to discover, that it is the duty of the court or officer vested by law with the power of fixing the day for the execution of the sentence to assign a new day, and the resentencing of the defendant or the issuance of a new warrant are not required. Mr. Bishop says: "If the time for the execution passes, and it is not done, or if the condemned man 'come to life after he be hanged,' another day should be assigned, the prisoner being taken before the tribunal for the purpose": 1 Bishop, New Crim. Proc. § 1311, par. 21. Where, as under our statute, the time for the execution of the sentence in a capital case is no part of the judgment, but is to be fixed by some officer or authority independent of the judgment,

it is generally regarded as a mere ministerial act in pursuance thereof, and the judgment or warrant is not rendered invalid by the prisoner's escape or other occurrence which merely prevents or delays the execution : *Commonwealth* v. *Hill*, 185 Pa. 385 (39 Atl. 1055); *Ex parte Howard*, 17 N. H. 545; *Nicholas* v. *Commonwealth*, 91 Va. 813 (22 S. E. 507); *State* v. *Kitchens*, 2 Hill (S. C.) 612 (27 Am. Dec. 410); *State* v. *Cardwell*, 95 N. C. 643. Indeed, in *Commonwealth* v. *Hill* it was held that it was the duty of a sheriff who had allowed the time fixed for the execution of a convict to pass without executing the sentence, under a mistaken belief that an appeal operated as a supersedeas, to execute the sentence upon the affirmance of the judgment, without any further order of the court, and at a time to be selected by him. This is perhaps an extreme rule upon the subject, and the better doctrine is that stated by Mr. Chief Justice FULLER *in re Cross*, 146 U. S. 271 (13 Sup. Ct. 109)—that in such case it becomes "the duty of the court to assign, if there had been no other disposition of the case, a new time for execution," citing authorities.

We are of the opinion, therefore, that the proper procedure was had in the court below, by fixing another day for the execution of the judgment against the defendant, and that such execution may properly take place under the warrant issued prior to the appeal. The judgment of the circuit court was the only one upon which the defendant could be executed, and it was not necessary for him to be resentenced after the affirmance of the case on appeal (*In the Matter of the Application of Ferris*, 35 N.Y. 262), nor for any further proceedings to be had thereon, except to fix a new day for his execution. The warrant directing the execution of the defendant was therefore issued prior to the taking effect of the act of 1903, and is excepted from its operation. The judgment is affirmed.    AFFIRMED.