## Ex parte JOHNNIE WASHINGTON.

No. A-5931. Opinion Filed Nov. 30, 1925.
(241 Pac. 349.)

See, also, 32 Okla. Cr. 392, 241 P. 350.

Wm. H. Parker and T. S. E. Bloom, for petitioner.

Geo. F. Short, Atty. Gen., for respondent.

EDWARDS, J. The history leading up to the filing of the application for writ of habeas corpus, briefly stated, is as follows: On November 9, 1924, the petitioner, Johnnie Washington, in the town of El Dorado, Jackson county, shot and killed Otto Holler. He was apprehended, duly informed against for murder, and on December 8, 1924, brought to trial in the district court of said county. The jury returned its verdict finding him guilty and assessing his punishment at death. On December 12, 1924, sentence of death was passed in accordance with the verdict, fixing the date of execution for the 19th day of February, 1925. Prior to the 19th of February the trial court furnished the Governor with a statement of the conviction and with the testimony given at the trial, as provided by section 2785, Comp. St. 1921. The Governor thereupon directed an inquiry to this court for an opinion, as provided by section 2786, Comp. St. 1921. Notice of appeal from the judgment and sentence having been given, this court following its former decisions that such opinion may not be given except where no appeal is or may be taken, advised the Governor in substance and effect that, notice of appeal having been given, and time for appeal not having expired, since the

matter might be submitted to it by appeal, it would not forestall the appeal, and at that time review the record and render an opinion. A reprieve for the purpose of giving time for appeal as fixed by law was extended by the Governor, but the time for taking an appeal expired without any appeal having been filed. For some reason not known to us, but we assume due to the misapprehension of the warden of the penitentiary that an appeal had been perfected, the execution at the time fixed by the reprieve by the Governor was not carried out. Thereafter, on the 8th day of September, 1925, the petitioner, Johnnie Washington, was returned to the district court of Jackson county, and resentenced under the provisions of sections 2796, 2797 and 2799, Comp. St. 1921, execution under such sentence to take place on the 20th day of November, 1925. A transcript of the proceedings, had in said district court on the 8th day of September, 1925, was forthwith furnished the Governor under the provisions of section 2785, above mentioned, and a further request for opinion of the judges of the Criminal Court of Appeals made by the Governor under the provisions of section 2786, Comp. St. 1921, and upon such request this court on October 8, 1925, rendered to the Governor an opinion, in substance and effect, that the proceedings of the district court of Jackson county in the trial of the defendant in December, 1924, and its proceedings of September 8, 1925, were in conformity to law, and that there had' been an observance of the formalities essential to the taking of human life, and the trial, conviction, sentence, and resentence in accordance with the law of the land. Thereafter, on November 19, 1925, the petitioner, Johnnie Washington, by his attorneys, filed in this court a petition praying for a writ of habeas corpus and for a stay of execution, alleging that he was denied a transcript of the record of his trial had in Jackson county in December, 1924, and that the judge who resentenced him on September 8, 1925, was not the judge who passed sentence on December 12, 1924, and

that the carrying out of such judgment will deprive him of his constitutional rights. At the time of filing such petition for writ of habeas corpus the petitioner by his counsel tendered a transcript of the proceedings of the district court of Jackson county on September 8, 1925, with a petition or application attached thereto and purported to be an attempted appeal from such proceedings. This latter instrument was not filed with the clerk of this court.

That no failure to observe all the essentials to the taking of human life should occur, it was suggested by this court to the chief executive that a short stay of execution might properly be granted by him to permit an investigation of the contentions contained in the application for writ of habeas corpus, and thereupon the chief executive, the honorable W. J. Holloway, president pro tempore of the Senate, and at the time acting Governor, granted a stay of execution for two weeks. This court has considered the contentions made in the application for writ of habeas corpus, and adheres fully to its former opinion that there has been a full compliance with all the formalities of law; that the trial, conviction, and sentence of death, including the resentence of September 8, 1925, is in accordance with the law of the land; and that the resentence of September 8, 1925, by the district court of Jackson county is not the rendering of a new judgment, but that the judgment of death to which the petitioner was sentenced on December 12, 1924, remains in force; and that the proceedings of September 8, 1925, are merely a fixing or resetting of the date of execution; and that from such fixing or resetting of the date no appeal lies; that there is no merit in the application for writ of habeas corpus; and it is denied.

BESSEY, P. J., and DOYLE, J., concur.