On the 1st day of December, 1925, there was filed in this court a petition in error attempting to appeal from a judgment and sentence of death rendered in the district court of Jackson county on the 12th day of December, 1924. The Attorney General has filed a motion to dismiss, for the reason the attempted appeal was not lodged in this court within 6 months from the date of the judgment attempted to be appealed from.
The record discloses that the plaintiff in error was by *Page 393 
the verdict of the jury found guilty of murder, and his punishment fixed at death. Thereafter a stay of execution was granted by the Governor of this state until the expiration of the 6 months allowed for an appeal. No appeal was taken, and, for some reason, the plaintiff in error was not executed at the time to which the stay of execution had been granted, and thereafter, on the 8th day of September, 1925, the plaintiff in error was returned to the district court of Jackson county, and the date of execution again fixed for November 20, 1925, under the provisions of sections 2796, 2797, Comp. St. 1921. On the 19th day of November, 1925, a petition for writ of habeas corpus having been filed in this court, the chief executive issued a stay of execution for 2 weeks, and on November 30th, this court rendered an opinion in said habeas corpus action denying the writ.
This action is an attempted appeal from the judgment of December 12, 1924, and the order refixing the date of execution of September 8, 1925. Section 2808, Comp. St. 1921, provides that, in a felony case the appeal must be taken to this court within 6 months, and, when an appeal is not lodged in this court within 6 months from the time the judgment is rendered, this court does not acquire jurisdiction, and will dismiss the attempted appeal.
In the oral argument before this court counsel for plaintiff in error sought to contend that the fixing or resetting of the date for execution done in the district court of Jackson county on the 8th day of September, 1925, was a new judgment or a re-entering of the former judgment of December 12, 1924, from which an appeal would lie. We think that a casual inspection of sections 2796, 2797, Comp. St. 1921, discloses that the fixing or resetting of the date of execution under the conditions mentioned is not a new judgment. The statute specifically providing that in case a judgment remains in force, and no legal reason exists against the execution of the judgment, the court shall order *Page 394 
it carried into execution. At common law the sentence of death was generally silent as to time; the time of the execution of the sentence being left to the discretion of the officer, or fixed by a subsequent rule of the court. Bishop on Criminal Procedure, § 1311, it being there said:
"If the time for the execution passes, and it is not done, or if the condemned man `come to life after he be hanged,' another day should be assigned, the prisoner being taken before the tribunal for the purpose."
In the case of Fielden et al. v. People, 128 Ill. 595, 21 N.E. 584, the court said:
"The mere naming of the day on which the sentence was to be executed was but the exercise of a ministerial power, which, at common law, was sometimes exercised by the sheriff (1 Chitty's Crim. Law, [5th Am. Ed.] p. 782, 783,) and is in this state exercised by the Governor in case of a temporary reprieve."
The judgment is determined by the jury in their verdict, and upon the verdict, which must be strictly followed, the court enters judgment. The judgment in this case was that the defendant must suffer death for the crime by him committed as determined by the verdict of the jury. The time within which the judgment shall be executed is fixed by statute (section 2784, Comp. St. 1921) at not less than 60 nor more than 90 days from the time of the judgment. The judgment is the adjudication of guilt and the fixing of the punishment. The time of the execution of the sentence in a capital case is a part of the execution of the judgment rather than a part of the judgment itself. It is a consequence which the law attaches to the judgment. The refixing or resetting of the time for execution, where for any reason the judgment of death has not been executed, is a merely ministerial act, which, at common law, as we have seen, generally devolved upon the sheriff, but which under our statute devolves upon the court in which the conviction was had. *Page 395 
In the case of In re Writ of Habeas Corpus, Johnnie Washington, No. A-5931, supra, this court held that the order fixing or resetting the date of execution under the original judgment is not a new judgment, and from such order no appeal lies. Nor does an appeal at this time lie from the judgment rendered December 12, 1924; the period of 6 months within which appeals must be taken having long since expired. The motion of the Attorney General to dismiss the purported appeal for want of jurisdiction is sustained, and the attempted appeal dismissed.
BESSEY, P.J., and DOYLE, J., concur.