## WALTER W. CRAIG v. STATE.

No. A-8753. Sept. 21, 1934.
(36 Pac. [2d] 60.)

Walter W. Craig, per se.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, filed with this court, on the 5th day of June, 1934, what he styles a petition for appeal. At the time of the filing of the petition, the plaintiff in error was confined in the state penitentiary at McAlester, Okla., and forwarded this paper to the court by mail, and the same was permitted to be filed without a cost deposit. The plaintiff in error was evidently of the opinion that this court could, on the 5th day of June, 1934, grant him an appeal from the judgment and conviction rendered in the district court of Garfield county, on the 21st day of November, 1933, wherein the plaintiff in error was convicted of the crime of passing a bogus check and sentenced to serve a term of five years' imprisonment in the state penitentiary.

The purpose of the plaintiff in error filing the petition which he styles a petition for appeal is to procure an order directing the trial court to prepare a transcript of the testimony of the witnesses and to otherwise furnish a complete case-made for the purpose of appeal, at the expense of Garfield county.

Section 3192, O. S. 1931, is as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

This court has repeatedly held that the appeal from a felony conviction must be taken within six months from the date of the conviction, that is, from the date on which the judgment was rendered in the trial court, and that within the six-month period the appellant must serve written notice upon the court clerk and county attorney, or else serve a summons in error upon the Attorney General, or procure a waiver of the issuance and service of such summons within the six-month period after the rendition of the judgment. Washington v. State, 32 Okla. Cr. 392; 241 Pac. 350.

There is no showing that the notices of appeal were ever served in this case, nor was any waiver of the issuance and service of summons in error procured, nor was the summons in error served upon the Attorney General within six months after the conviction and sentence of this defendant, on the 21st day of November, 1933.

The petition in this case was filed on June 5, 1934, which was more than six months after the date of the conviction and sentence, and this court has repeatedly held that, when the appeal is not filed in this court within the time fixed by the statute, this court does not acquire jurisdiction, and the appeal will be dismissed. For the reasons stated, this court is without jurisdiction, and the attempted appeal is dismissed.

EDWARDS, P. J., and CHAPPELL, J., concur.