## Ex parte GRAYSON.

No. A-11006.　Feb. 4, 1948.

(187 P. 2d 232.)

Cecil E. Robertson, of Muskogee, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

BRETT, J.  The petitioner, Lewis Grayson, was tried and convicted by a jury in the district court of Muskogee county, Okla., on a charge of first degree rape and his punishment was fixed at death in the penitentiary at McAlester, Okla.  In conformity with the verdict of the jury, the court pronounced formal judgment and sentence on December 12, 1945, fixing the penalty at death by electrocution to be executed in the penitentiary on March 13, 1946.  From this judgment and sentence the petitioner perfected an appeal to this court in which the judgment and sentence was affirmed as the same appears in Grayson v. State, No. 10722, 85 Okla. Cr. 266, 188 P. 2d 696. In this opinion a new date was fixed by this court for the petitioner's execution, the same being March 26, 1948.

Thereafter, the petitioner filed this application for writ of habeas corpus, alleging in substance that he was being unlawfully detained in the penitentiary.  To this petition the Attorney General made response that the petitioner was being restrained not by order of the trial court, but on the order of the Criminal Court of Appeals, awaiting execution under its orders.

The petitioner's contention is predicated upon the following grounds: That the order of commitment, judgment and sentence, and the death warrant issued on the 12th day of December 1945, under which he is now imprisoned, are void for the reason that the number of days from

December 12, 1945 (the date of judgment) to March 13, 1946 (the date fixed for execution of the sentence) is ninety-one (91) days and one day in excess of the statutory limitation. This contention is predicated upon the provisions of Title 22 O. S. A. §1001, which provides as follows, to wit:

"When judgment of death is rendered, the judge must sign and deliver to the sheriff of the county a warrant duly attested by the clerk, under the seal of the court, stating the conviction and judgment and appointing a day on which the judgment is to be executed, *which must be not less than sixty nor more than ninety days from the time of the judgment* and must direct the sheriff to deliver the defendant within ten days from the time of judgment to the warden of the state prison at McAlester, in this state, for execution."

In support of his contentions, the petitioner relies upon Noel v. State, 17 Okla. Cr. 308, 188 P. 688, wherein the trial court fixed the date of execution at fifty-six (56) days from the date of judgment, or four (4) days less than the minimum of sixty (60) days provided by the statute. In that case this court held that the death warrant based upon the judgment so designating the time for execution fifty-six days after judgment was invalid. It is quite clear that the decision in the Noel case turned upon the proposition that the death warrant based on the judgment and sentence therein was in the nature of an increase or in excess of punishment to that provided by statute. That is true because that order shortened his lease on life. Such is not the case here. This conclusion is based upon the language of Judge Doyle in the body of the opinion, wherein he says, at page 314:

"As a general rule, an extension of time within which the execution may take place after the sentence of death is a mitigation, and not an increase of punishment. In

this case the court fixed the date of execution within the minimum time prescribed by the statute."

It therefore follows that the Noel case does not apply to the case at bar, since the extension of time herein involved, in excess of 90 days, was a mitigation and not an increase of punishment. Furthermore, the error was rendered nugatory by the petitioner's act of invoking the jurisdiction of this court. It is apparent that Judge Doyle recognized this distinction when he quoted from Lowenberg v. People, 27 N. Y. 336, a case involving a similar situation and applicable to the one at bar, as follows:

"The convict having procured a stay of proceedings until the day of execution had passed, the error had, by his own act, become wholly immaterial, and he could not require the Supreme Court to reverse a judgment otherwise unobjectionable, on account of a separable addition thereto, void in itself, and which the lapse of time had rendered wholly nugatory."

Moreover, we are of the opinion that it was not the intention of Judge Doyle in the Noel case, supra, to give that case the broad meaning contended for by the petitioner to the effect that the time of execution of judgment and sentence is part of the judgment itself. This position is made apparent by reference to a later case, Washington v. State, 32 Okla. Cr. 392, 241 P. 350, wherein this court said at page 394:

"The judgment is determined by the jury in their verdict, and upon the verdict, which must be strictly followed, the court enters judgment. The judgment in this case was that the defendant should suffer death for the crime by him committed as determined by the verdict of the jury. The time within which the judgment shall be executed is fixed by statute (section 2784, Comp. St. 1921) at not less than 60 nor more than 90 days from the

time of the judgment. The judgment is the adjudication of guilt and the fixing of the punishment. The time of the execution of the sentence in a capital case is a part of the execution of the judgment rather than a part of the judgment itself. It is a consequence which the law attaches to the judgment. The refixing or resetting of the time for execution, where for any reason the judgment of death has not been executed, is a merely ministerial act * * *."

Even though the defendant had stood on the judgment, sentence, and death warrant, as made and issued by the lower court, and sought relief by habeas corpus in this court, this court could not have granted his release on the defective death warrant, but, at most, could only have issued an order directed to the lower court to fix another day for the execution within the limits of 60 to 90 days. Here, the petitioner did not elect to stand on the day fixed in the judgment and sentence and death warrant for his execution; instead, he perfected an appeal in cause No. A-10722, referred to supra. Thus, he elected to stay the judgment and sentence for execution of the death warrant, and to invoke the jurisdiction of this court, by perfecting his appeal. In State v. Armstrong, 45 Ore. 25, 74 P. 1025, the Oregon Supreme Court said:

"Further proceedings thereon were suspended pending the appeal, but the defendant was held and is in custody under the original warrant directing his execution. The officer cannot execute the warrant, it is true, not because it has expired, but because the day fixed by the court has passed, the same as if the prisoner had escaped, or, for some other reason not affecting the validity of the judgment, the day appointed had been allowed to pass without the execution of the judgment. In such case the authorities are agreed, so far as we have been able to discover, that it is the duty of the court or officer vested by law with the power of fixing the day for the execution of

the sentence to assign a new day, and the resentencing of the defendant or the issuance of a new warrant are not required." * * * As was said by "Mr. Chief Justice Fuller in Re Cross, 13 Sup. Ct. 109, 36 L. Ed. 969—that in such case it becomes 'the duty of the court to assign, if there had been no other disposition of the case, a new time for execution.' "

To the same effect is State v. Wilkins, 72 Ore. 77, 142 P. 589, and People v. Sloper, 198 Cal. 601, 246 P. 802.

It is fundamental that habeas corpus is the remedy by which inquiry is made into the cause of restraint of a person. This situation presents the inquiry, will habeas corpus lie under the contentions of the petitioner in the case at bar? We do not think so. When, by the petitioner's own act of invoking the jurisdiction of this court by appeal, a stay of the proceedings was procured until the day of execution had passed, the error he now complains of becomes wholly immaterial and cannot be made the basis for relief by habeas corpus. Such must be the rule since the original warrant of execution, having spent itself by lapse of time due to the petitioner's own acts, his present restraint is not by reason of the trial court's warrant of execution, but, by reason of this court's order directing the restraint of the prisoner for execution pursuant to the mandate of this court affirming the death sentence imposed by the trial court.

This being true, the time for execution of the sentence not being a part of the judgment itself but only part of the execution of the judgment and constituting merely a ministerial act, and, jurisdiction of this court having been invoked and being then in force in cause No. A-10722 (Grayson v. State), it then became the duty of this court to assign a new time for execution, as has been done in numerous other cases, where the time for execu-

tion had expired. In this connection, see Tuggle v. State, 73 Okla. Cr. 208, 119 P. 2d 857, wherein this court said:

"The original time for execution having passed, owing to the pendency of this appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Garvin county be carried out by the electrocution of the defendant. * * *"

See, also, Bingham v. State, 82 Okla. Cr. 5, 165 P. 2d 646, and numerous other cases.

The writ of habeas corpus is therefore denied.

BAREFOOT, P. J., and JONES, J., concur.