Gerald PATE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13525.

Court of Criminal Appeals of Oklahoma.

June 10, 1964.

248

Kienzle, Kienzle & Henson, Shawnee, Okla., for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jack A. Swidensky, Ass't Atty. Gen., for defendant in error.

JOHNSON, Judge.

On May 28, 1964 there was filed in this Court a petition in error, with casemade attached, attempting to appeal from an order of the district court of Pottawatomie County, Oklahoma fixing the date for the execution of the death sentence heretofore returned against the plaintiff in error (hereinafter referred to as the defendant). The date fixed was June 17, 1964.

The Attorney General filed a motion to dismiss the appeal; the matter was assigned for hearing for June 3, 1964 and the defendant filed a brief herein on that date. The Court had the benefit of able argument by counsel of both the defendant and the State.

At the outset we want to say that the records of this case disclose a trial fraught with a persistence, an ingenuity and perserverity such as we have rarely, if ever, encountered. Certainly the attorneys for the defendant have left no stone unturned, and have not overlooked any possible effort on behalf of their client.

The records of this Court and before us show that the defendant was convicted in

the district court of Pottawatomie County for the crime of murder, perpetrated on September 16, 1959. (For the facts, see Pate v. State, Okl.Cr., 361 P.2d 1086). After a trial the jury found the defendant guilty, and fixed his penalty at death by electrocution, and the court fixed the date of such electrocution as May 4, 1960.

Thereafter and on July 27, 1960 the defendant filed his appeal in this Court, and on April 19, 1961 the Court rendered its opinion affirming such conviction (rehearing denied May 24, 1961), and fixed the date of the execution for July 7, 1961. (Okl.Cr., 361 P.2d 1086).

Defendant then filed a petition for habeas corpus in the district court of Pittsburg County, Oklahoma, which petition was denied; and thereafter filed a petition for habeas corpus in this Court, which was on April 19, 1962 likewise denied (In re: Pate, Okl.Cr., 371 P.2d 500).

Defendant then attempted to appeal his case to the Supreme Court of the United States, and certiorari was denied May 13, 1963. 373 U.S. 915, 83 S.Ct. 1304, 10 L.Ed. 415.

Defendant then filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma, and the judge thereof issued an order staying the execution of the death warrant until October 10, 1963. The petition was denied on October 1, 1963, and Judge Rice on October 4, 1963 entered stay of execution until October 21, 1963 to give the defendant time to file an appeal in the Circuit Court of Appeals for the Tenth Circuit. The appeal was lodged in that Court, and an order was issued October 20, 1963 staying the execution until the further order of such Court.

The appeal was denied by the Tenth Circuit Court on December 18, 1963 and the stay of execution theretofore entered was vacated. 325 F.2d 567. On December 26, 1963 the Circuit Court entered a further stay of the execution to January 20, 1964,

providing that if within that time petition for writ of certiorari be filed with the Supreme Court of the United States, the stay was to continue in force.

The application was filed in the Supreme Court on January 17, 1964, and was denied March 23, 1964. 376 U.S. 957, 84 S.Ct. 977, 11 L.Ed.2d 974.

On April 1, 1964 the county attorney of Pottawatomie County filed in the district court of said county an application for execution of the judgment of death. A hearing was had thereon on April 8, 1964, the defendant being present in person and by his counsel; and after a full hearing and argument of counsel, the Court entered its finding that no legal reason existed why the judgment and sentence should not be executed, and entered its order directing that said judgment and sentence of death be carried out, and that the defendant be executed on June 17, 1964, as provided by law and the order of said court. Motion for rehearing was denied, notice of intention to appeal to this Court was entered, and the original casemade with petition in error filed herein as hereinbefore stated.

■■■ In the early case of Washington v. State, 32 Okl.Cr. 392, 241 P. 350, this Court said:

"The judgment is the adjudication of guilt and the fixing of the punishment. The time of the execution of the sentence in a capital case is a part of the execution of the judgment rather than a part of the judgment itself. It is a consequence which the law attaches to the judgment. The refixing or resetting of the time for execution, where for any reason the judgment of death has not been executed, is a merely ministerial act, which, at common law, as we have seen, generally devolved upon the sheriff, but which under our statute devolves upon the court in which the conviction was had.

"In the case of In re Writ of Habeas Corpus, Johnnie Washington, No. A—

5931, supra (32 Okl.Cr. 388, 241 P. 349). This court held that the order fixing or resetting the date of execution under the original judgment is not a new judgment, and from such order no appeal lies."

Under the authority of the Washington case, we are of the opinion that the motion of the Attorney General to dismiss the purported appeal for want of jurisdiction is well taken and should be sustained, and the attempted appeal dismissed. It is so ordered.

BUSSEY, J., concurs.

NIX, J., not participating.