## FIELDEN *v.* ILLINOIS.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 909.   Argued January 21, 26, 1892. — Decided February 29, 1892.

F. was convicted of murder, in the Criminal Court of Cook County, Illinois, and sentenced by that court to suffer the penalty of death. Upon writ of error to the Supreme Court of Illinois, that judgment was affirmed and the day fixed in the original judgment for carrying the sentence into execution having passed, that court fixed another day. After the expiration of the term the accused applied for a correction of the record of the Supreme Court, so as to show that he was not present in that court when the original judgment was affirmed, and another day fixed for the execution. The application was denied upon the ground, in part, that amendments of the record of the court in derogation of the final judgment could not be allowed at a subsequent term.  *Held,*

   (1) That the law of Illinois, as declared by its highest court, in respect to amendments of the record, was applicable to all persons within the jurisdiction of that State, and its enforcement against the plaintiff in error was not a denial to him by the State of the equal protection of the laws;

   (2) That due process of law did not require the presence of the accused in the appellate court when the original judgment of the trial court was affirmed, and a new day fixed for his execution.

THE case is stated in the opinion.

*Mr. Benjamin F. Butler* and *Mr. M. Salomon* for plaintiff in error.

*Mr. George Hunt,* Attorney General of the State of Illinois, (with whom was *Mr. E. S. Smith* on the brief,) for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

The judgment of the Supreme Court of Illinois, rendered September 14th, 1887, in the case of *Spies et al.* v. *Illinois*, and which is set out in the opinion in *Schwab* v. *Berggren*, *ante*, 442, was before this court on application for a writ of error which was dismissed November 2d, 1887. 123 U. S. 131.

As stated in the opinion in *Schwab* v. *Berggren*, *ante*, 442, it was represented to the court below, by a petition filed March 5th, 1888, by Fielden, Neebe and Schwab, three of the defendants convicted in the Criminal Court of Cook County of the crime of murder, that the order of September 14th, 1887, was false and untrue in its recital that they were in court when it was entered ; whereas, in fact, neither of them was so present, in person or by counsel, nor were they or either of them, or the counsel of either, notified to be present on that day in court. They asked an amendment of the record that would make it conform to the truth, and show upon its face the above facts. The application was supported by the affidavits of counsel. This motion was stricken from the docket by order of court entered March 16, 1888. Subsequently, March 22d, 1888, a motion was made to set aside that order, and the application to amend the record, in the manner above indicated, was renewed. This motion was taken under advisement, and its consideration deferred until the succeeding term ; and, on the 15th of March, 1889, was denied.

Subsequently, March 26th, 1889, Fielden, Schwab and Neebe asked leave to amend the original motion, so as to add thereto the following : " And in support of said motion to amend said record your petitioners file herewith, and refer to the same in support of amendment of said record, the affidavits of Samuel Fielden, Michael Schwab, Oscar W. Neebe, petitioners, and W. P. Black and M. Salomon, petitioners' attorneys, wherein it is set forth that none of the plaintiffs in error appeared or could appear in this honorable court, where the said judgment was given, nor were they or any of them present by counsel on said occasion, nor were their counsel notified or furnished opportunity to be present on said occasion; and petitioners further say and allege and claim that the said recital in said record deprives petitioners and said plaintiffs in

error of substantial rights guaranteed the said plaintiffs in error by the Constitution of the United States and by the constitution of the State of Illinois, and particularly in said recital on said record and the judgment of this court, in violation of the 14th Amendment to the Constitution of the United States, and in violation of section two of article two of the constitution of the State of Illinois; and plaintiffs in error claim the benefit, right, privileges and immunities guaranteed by the constitutional provisions referred to." At the same time, they applied for a rehearing of the motion previously made, claiming that the decision of the court below in overruling it and in refusing to amend the record as requested by them was in violation of the rights secured to them by the 14th Amendment of the Constitution of the United States and by other provisions of that instrument and also in violation of section two of article two and other provisions of the constitution of the State of Illinois. They insisted, in the application for a rehearing, that a legal judgment could not have been rendered against them unless they were brought before the court and were personally present when the judgment against them was pronounced; that the refusal to amend the record and permitting it to stand as it was, deprived them of their right and privilege of questioning the judgment so pronounced, "if petitioners shall see fit to do so, in the United States Supreme Court, to which petitioners claim they have a right of appeal from the judgment of this court condemning petitioners." They also applied for leave to present a bill of exceptions, embodying the above motions, amendment to motion, petition for rehearing, and affidavits filed in support of the application to amend the record. The Supreme Court of Illinois overruled each motion and the petition for rehearing, and from its order to that effect Fielden prosecuted this writ of error.

The Supreme Court of Illinois held that under the practice in that State, " amendments of the record in affirmance of the judgment, when there is anything to amend by, may, upon notice, be made at a term subsequent to that at which final judgment is rendered; but amendments not in affirmance but in derogation of the judgment are not allowed at a term sub-

sequent to that at which final judgment is rendered. . . . This motion, not having been made at the same term at which final judgment was rendered, nor until the case had passed beyond the power of this court to stay, by its order, the execution of the judgment, clearly comes too late." In order that it might not be understood as conceding that the amendment, if made, would affect the validity of the judgment, the court proceeded to show that, according to the principles of the common law, as well as under the laws of Illinois, it had jurisdiction to hear and finally determine, in the absence of the defendants, the writ of error sued out for the review of the judgment of the Criminal Court of Cook County. It said: "If the present plaintiffs in error and their counsel had been actually present in court when the judgment of affirmance here was entered, the law allowed them to then say or do nothing which by any possibility could have benefited plaintiffs in error. They were, after judgment was entered, entitled only to move for a rehearing, and this could only be done on printed petition; but thirty days were allowed in which to prepare it. 93 Illinois, 11, rule 41." "Undoubtedly," the court further said, "if plaintiffs in error or their counsel had been actually present in court when the decision was announced they would then have known what the decision was, but that fact was equally well made known to them by notice from the clerk, in ample time to avail of their right to file a petition for rehearing. And if, indeed, without any fault of theirs, more time would have been needed within which to prepare the petition for rehearing it was within the recognized practice of this court to have extended the time for that purpose beyond the thirty days. But no claim is here made that plaintiffs in error were not informed of the decision in the case in time to file a petition for rehearing. They did not seek to avail of that right, but voluntarily waived it, and prosecuted a writ of error upon the record from the Supreme Court of the United States, and it was not until after that was decided adversely to them that they discovered the claimed error in the record of which amendment is now sought." *Fielden* v. *The People*, 128 Illinois, 595.

The plaintiff in error contends that the refusal to amend the record, so as to show that he. was not present in person or by counsel in the Supreme Court of Illinois, at the time it affirmed the judgment of the trial court, and fixed the day for carrying that judgment into execution, was a denial to him of that equal protection of the laws which is accorded by the Constitution of the United States to all persons within the jurisdiction of the respective States; also, that such action upon the part of the court below was inconsistent with "due process of law.".

Assuming that these constitutional questions were so raised, in the court below, as to authorize them to be considered here, we are of opinion that no right, secured to the plaintiff in error by the Constitution of the United States, was violated by the refusal of the Supreme Court of Illinois .to allow the proposed amendment of its record. We take, as is our duty, the law of Illinois to be as declared ·by its highest court, that amendments of the record of a court, in derogation of its final judgment, are not permitted in that State after the expiration of the term at which the judgment was rendered. That law is applicable to all persons within the jurisdiction of the State, and its enforcement against the plaintiff in error cannot, therefore, be said to be a denial to him by the State of the equal protection of· the laws. Neither. discussion nor citation of authorities is required to support a proposition so manifestly correct.

When the original case was before this court, Chief Justice Waite said: "The objection that the defendants were not actually present in the Supreme Court of the State at the time sentence was pronounced cannot be made on the record as it now stands, because on its face it shows that they were present. If this is not in accordance with the fact, the record must be corrected below, not here. It will be time enough to consider whether the objection presents a Federal question when the correction has been made." *Spies*. v. *Illinois*, 123 U. S. 131, 182. These observations were adverted to in argument, but we do not perceive that they have any bearing on the questions now raised. The Chief Justice only meant to

say that this court could not amend the record, but if amended by the court below, the question would, still remain whether the objection referred to could be considered by this court.

Equally without merit is the suggestion that the action of the court below in disposing of the writ of error to the Criminal Court of Cook County, in the absence of the accused, was not in conformity to "due process of law." This question was determined in *Schwab* v. *Berggren,* just decided, and we do not deem it necessary to add anything to what is there said.

*Judgment affirmed.*