## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### NICHOLAS v. COMMONWEALTH.

#### JULY 18, 1895.

1. CRIMINAL LAW—*Death Sentence not Executed—Re-sentence.*—Where sen-
tence of death has been pronounced upon a criminal, but not carried
into execution, and the day for execution has passed, the court which
pronounced the sentence may fix another day for its execution, though
jurisdiction to try similar cases in the future has, in the meantime, been
taken away from the court. Fixing another day of execution is not the
entry of a further judgment, nor even a judicial act; it is simply carry-
ing into execution a judgment already existing.

Petition for a writ of error to an order of the Circuit Court
of Henrico county fixing another day for the execution of the
judgment of death of the petitioner.

*Denied.*

*D. C. Richardson* and *H. M. Smith, Jr.*, for the peti-
tioner.

RIELY, J., delivered the opinion of the court.

The sole ground of the petition for a writ of error in this
case relates to the right of the Circuit Court of Henrico county
to fix another day for the execution of the judgment of death
pronounced against the petitioner on December 21, 1893.

The petitioner was indicted in the County Court of said
county for murder, and upon his election, agreeably to the
statute then in force, was tried in the said Circuit Court.

Upon his trial, he was found by the jury guilty of murder of the first degree. The court pronounced the judgment of death on the verdict according to law, and fixed a day for the execution of the judgment by the sheriff.

A writ of error was thereupon obtained by the petitioner from this court, which, after hearing and duly considering the arguments of counsel and finding no error in the said judgment, on March 21, 1895, affirmed it. The day originally fixed by the Circuit Court for his execution had then passed, and the legislature in the meantime, on February 12, 1894, had so amended the statute under which he was tried in the Circuit Court as to divest it of all original jurisdiction to try criminal cases. The Circuit Court after the affirmance of its judgment by this court, caused the petitioner to be again brought before it, and thereupon appointed another day for the execution by the sheriff of the judgment of death originally pronounced against the petitioner.

The judgment against him was pronounced prior to the repeal of the statute and while the Circuit Court was in the exercise of its lawful jurisdiction. The judgment still stands against him in full force and effect. Its validity and effect has never been impaired for a moment since it was pronounced. It can now be in no wise reversed or annulled. It only remains to be executed. Though a court, which rendered a judgment, may be afterwards shorn of its jurisdiction to try in the future like cases in which the particular judgment was entered, there, nevertheless, remains in the court from its very nature, the inherent right, in both civil and criminal cases, to cause to be executed such judgments as were rendered by it while clothed with the jurisdiction to do so. The Circuit Court of Henrico county could not disturb the judgment in the case of the petitioner. It could not add to it or take from it one iota. It is forever final. The court did not attempt to pronounce a further judgment, but only

to fix a day when the judgment already existing should be executed. This was not a judicial act, and involved the exercise of no judicial power. It was merely a ministerial duty. There would be a strange lack of vitality in a court, if it could not cause to be enforced by execution a valid and live judgment which it had rendered, although it had been since divested of the jurisdiction to render judgment in like cases. The petitioner, by virtue of a valid and final judgment, rendered according to the laws of the State, is under the condemnation of death, which sentence, it is within the power of the court that rendered it, to do whatever is necessary for its execution.

A somewhat similar case arose in the State of South Carolina. The accused was convicted of an offence and the sentence of death pronounced against him. The day of his execution was fixed by the court, but the governor pardoned him upon condition, among other things, that he leave the State never to return. He was discharged from prison, but neglected to leave the State. He was subsequently arrested for this violation of his pardon, and brought before the court in order that it might appoint another day for the execution of the original judgment against him, the day originally appointed for his execution having then passed by. In the meantime, the legislature had repealed the penalty of death and substituted a milder punishment for the offence of which he had been convicted. The like argument was used in that case as is urged in the petition before us, that the statute having been repealed, the court was powerless to act in the matter. The Circuit Court refused to fix another day for the execution of the prisoner and ordered his discharge, but on appeal to the Court of Appeals of that State it held that the Circuit Court had the power to fix another time when the judgment should be executed, and reversed the action of the Circuit Court. *State* v. *Addington*, 2 Bailey 516. See also

*State* v. *Kitchens*, 2 Hill, 276; and the opinion of Chief Justice Marshall in *Yeaton and others* v. *The United States*, 5 Cranch, 281.    The writ of error must be denied.

WRIT OF ERROR DENIED.