# CHARLESTON.

## STATE *v*. HADDOX, WARDEN.

Submitted November 4, 1901.   Decided November 23, 1901.

1. DEATH SENTENCE—*Trial Court Must Refix.*
    If a prisoner pending a sentence of death, obtain a writ of error to this Court, and thereby delay the execution of such sentence until the time fixed therefor has passed, and the judgment is afterwards affirmed, it is the legal ministerial duty of the trial court, without requiring the prisoner to be again brought before it, to enter an order fixing a further time for the execution of such sentence.   (p. 224).

2. CRIMINAL TRIAL—*Ends With Sentence.*
    After a sentence of death has been passed upon a prisoner his trial is at an end and he has no right and there is no necessity for his presence at the further ministeral steps necessary to be taken to carry into execution such sentence.   The final denoument alone requires his presence.   (p. 225).

Application by the State for writ of *mandamus* to C. E. Haddox, warden of the penitentiary.

*Writ denied.*

R. H. FREER, ATT'Y GEN., ALEX DULIN and S. B. AVIS, for the State.

MEIGHEN & OLDHAM, for respondent.

DENT, JUDGE:

In the case of the *State* v. *C. E. Haddox,* warden of the penitentiary, being a proceeding by *mandamus* to compel the execution of George Carter, convicted of murder in the first degree and sentenced to be hanged, the question is presented as to where the legal duty is reposed to refix the time for the execution of a judgment imposing the death penalty when the time fixed has

passed before the affirmation of such judgment by this Court. The *mandamus* is filed on the theory that the warden, whose duty it is to execute the sentence should fix the time, while in argument the attorneys for the State insist that it is the duty of this Court on the affirmation of the judgment of the trial court.

When this Court affirms a judgment of a trial court either in a civil or criminal case, it does not make a judgment of its own, but simply ascertains from an inspection of the record that there is no error that will authorize this Court to interfere with the judgment of the trial court or the execution thereof. Its action is purely negative and in no sense affirmative except in name. It does not try the prisoner. He is not before them in person nor entitled to be. At his instance it examines the record for alleged or apparent errors, and finding none it enters an order of affirmance, in effect of non-interference, and permits the trial court to proceed with the execution of its judgment. If on the other hand the case is reversed either in whole or in part, it is then authorized to enter such judgment as the trial court should have rendered and remands the case to the trial court to be executed. In appeal cases it is not authorized to carry into execution either its own or the judgments of the trial court, but in a proper case it may compel the trial court to do so. *State* v. *Prater,* 27 So. Ca. R. 599; 19 Enc. Plead. & Prac. 518. The Alabama cases do not apply. By statute the trial court was required to fix the date of execution as a part of the sentence. One of the errors relied on was that such court had omitted to do so. The supreme court held it had the right to amend the judgment and affirm it. *State* v. *Russell,* 33 Ala. 266.

In the absence of a statutory provision authorizing this Court to fix the time of execution, although probably injurious to no one or erroneous to the extent that any one would have the right to complain, yet nevertheless it would be a usurpation of ministerial power not conferred on the court by common, statute or constitutional law. *Moett* v. *People,* 85 N. Y. 373. Section 7, chapter 160, of the Code, provides that "The court from which a writ of error lies, shall affirm the judgment if there be no error therein." This is almost identical with the provision in civil cases and what follows after this clause relates to such cases as may be reversed in whole or in part.

When a case either criminal or civil is affirmed, the power of this Court over it is at an end. The judgment of the lower court

is not its judgment, and it has nothing to do with the execution thereof except in a supervisory way. "The fixing of the time and place of execution is no part of the judgment or sentence of death and may be regulated by statute so as to be done by order of the court contemporaneously with the sentence or by the governor and council or even as by the common law of England left to the discretion of the sheriff." It is purely a ministerial and not a judicial act to carry into execution the judgment. *Commonwealth* v. *Costeley,* 118 Mass. 1; *Holden* v. *Minnesota,* 137 U. S. 483; *Freeden* v. *People,* 143 U. S. 452; *Schwab* v. *Breggen,* 143 U. S. 442; *Ex parte Howard,* 17 N. H. 545, 548.

If the statute makes no provision with regard to the matter the sheriff or executioner must fix the time as at common law.

See JUDGE BRANNON's opinion in the case of the *State* v. *Shawn,* 44 W. Va. 12.

Section 10, chapter 160, Code, provides, "And the said warden or deputy warden, as hereinbefore provided, shall proceed unless a suspension of the execution be ordered, at the time and place named in said sentence, to cause the convict under sentence of death to be hung by the neck, as prescribed by section nine of this chapter."

This clearly implies that it is the duty of the trial court to fix the time of the execution of the sentence at least in the first instance. The duty thus being imposed on it by the statute, it continues until the final execution of the judgment as the statute makes no other provision. The day first fixed having become impossible by the appeal of the prisoner, it becomes absolutely necessary for the trial court to fix another day when its judgment and sentence shall be carried into execution.

As is said in the 19 En. Plead. Prac., 518, "Where the appellate court simply affirms· the judgment of the court below, thereby declaring it a valid judgment of that court and free from error, such judgment stands as of its original entry without further order of the lower court making it its judgment; and ordinarily in such case there is nothing further to be done by the lower court, and it does not again give judgment by sentence. The remaining duty of the lower court is to take the necessary steps and make the necessary orders to carry the judgment into execution, except in cases where this is done by the appellate court." Also page 480, "Where the court is authorized to fix the day of execution it is in general to be done by

order or warrant which though it may accompany the judgment or sentence is in reality no part of it. In *ex parte Howard,* 17 N. H. 548, it is said, if from any cause "the time prescribed for execution has passed, the court must make a new order, if no other disposition has been made of the case." Nor is the presence of the prisoner necessary or required when such order is made. He has had his trial, been convicted and sentenced to death. All that remains to be done is to fix the time and carry the execution of the sentence into effect. Whether that time shall be short or long, on Monday or Friday, on the first or thirteenth of the month, it is for the law and the trial court to fix; and having forfeited his life by his criminal conduct he is permitted no voice in the matter. It has nothing to do with the trial. He is as though dead in so far as his legal rights are concerned, for his own conduct has destroyed them all. It is probably better for his peace of mind if he know not the day of his death, that it come upon him suddenly after the law of nature, which blinds the eyes of the doomed, so that on the very verge of the grave their hearts are buoyant with the anticipation of long life and unnumbered days. Sometimes death had better come as a thief in the night than as a torturing savage in the noonday sun. After sentence affirmed the law gives him no more right to be present when the day for execution is fixed than to be present when the warden selects the rope for the noose, the lumber for the scaffold, or the coffin for his remains. These arrangements are purely ministerial. His presence is not needed. He is civilly dead. *Fielder* v. *People,* 128 Ill. 595, affirmed 143 U. S. 452.

The conclusion of the whole matter is that the trial court when the day fixed by it for execution has passed, as soon as convenient after the judgment and sentence has been affirmed by this Court, by its order entered of record, without requiring the prisoner to be brought before it, should fix a further day for the execution of its sentence and certify the same to the warden of the penitentiary.

The *mandamus* is refused.

BRANNON, PRESIDENT:

Since I wrote the opinion in *State* v. *Shawn,* 44 W. Va. 12, the law has been changed by requiring the trial court to fix the day of execution.

*Writ Denied.*