## Staunton

WILLIE ROSE v. COMMONWEALTH OF VIRGINIA.

September 7, 1949.

Present, Gregory, Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

PER CURIAM.

*James G. Martin & Sons* and *L. A. Howell*, for the petitioner.

On April 4, 1949, Willie Rose was indicted for the murder of his wife on March 7, 1949. On April 22, 1949, he was arraigned, plead not guilty, by consent was tried by the court without a jury, and was found guilty of murder in the first degree. The case was referred to the probation officer for investigation and report.

There is no bill of exception incorporating the evidence in the record.

On May 31, 1949, the probation report was received, considered, and the punishment fixed at death. The date for the execution was fixed for *Friday*, the 30th day of July, 1949.

The evidence taken on the probation report is not incorporated in the record.

On June 7, at a subsequent term of court, an order was entered reciting that the previous order of May 31, by which the accused was sentenced to be executed on Friday, July 30, "is invalid," in that there is no such date as "Friday, the 30th day of July, 1949," and directing the superintendent of the penitentiary to deliver the accused into the custody of the sergeant of the city of Norfolk for return to the Norfolk city jail "for resentencing."

On July 18 the accused was brought before the bar for resentencing, whereupon his counsel moved the court: (1) to discharge the accused from further custody on the ground that the Order Book showed that the indictment was returned against him on April 4, 1948, that he was tried on April 22, 1949, after a lapse of more than four terms, and was therefore entitled to his discharge under Code, sec. 4926; (2) that the accused be granted a new trial on the ground that no copy of the *indictment* had been served on him, as required by Code, sec. 4824-a; and (3) that the sentence be reduced.

Although the order entered on that date shows that evidence was taken on these motions, such evidence was not incorporated in the record by a bill of exceptions.

At the conclusion of the hearing on these motions the court, on July 18, 1949, entered an order again sentencing the accused to death and fixing the date of the execution as Friday, the 30th day of September, 1949.

To this latter judgment a petition for a writ of error is being sought on three grounds:

(1) *Petitioner is entitled to his discharge under Code, sec. 4926, because the order referred to recites that the indictment was reurned on April 4, 1948, and he was not tried until April 22, 1949.*

■ There is no merit in this contention. Although the order referred to recites that the date of the return of the indictment was April 4, 1948, the entire record shows that

this was a clerical error and that the correct date was shown to be April 4, 1949, in the following manner:

(a) The indictment itself recites that it was returned at the "April term, 1949," and fixes the date of the crime as March 7, 1949;

(b) There is another express recital in the record that the indictment was returned "on the 4th day of April, 1949;"

(c) The order of July 18, 1949, fixes the correct date of the return of the indictment as April 4, 1949;

(d) The recital of which the petitioner seeks to take advantage also states that the indictment was returned "in the One Hundred and Seventy-third Year of our Commonwealth," which includes April 4, 1949.

■ Moreover, the failure to raise this point *at the trial* was a waiver thereof. *Butts* v. *Commonwealth*, 145 Va. 800, 809-810, 133 S. E. 764.

■ *No copy of the indictment was served on or "left with accused," as required by Code, sec. 4824-a.*

This is a new section and was introduced into the Code by the Acts of 1948, ch. 504, p. 1014. It reads:

"Section 4824-a. *Copy of process to be left with accused; exception.*—Except as provided for violations of chapter three of the Motor Vehicle Code of Virginia, any process issued against a person charged with a criminal offense shall be in duplicate and the officer serving such process shall leave a copy with the person charged."

There are two answers to this assignment of error:

■ (a) The statute requires that the accused be furnished with a copy of *"process"* issued against a person charging him with a criminal offense. It does not apply to an indictment.

The original process or warrant under which the accused was apprehended is not incorporated in the record. There is no showing that he did not receive a copy of it, as required by this statute. The presumption is that the law was complied with.

■ (b) Even if this statute applied to an *indictment*, the

point was waived when it was not taken advantage of at the trial. There is nothing in the language of the statute to indicate that compliance with it is jurisdictional.

(3) *The order of July 18, 1949, under which the accused was resentenced to death, was void because with the ending of the May term at which the accused was originally sentenced the lower court lost jurisdiction of the case and had no authority to resentence him to death.*

This is the main point relied on by the petitioner.

The argument is that the order of May 31, by which the accused was sentenced to be executed on Friday, July 30, was not void, but on the contrary was entirely valid; that the day of the week should have been discarded as surplusage and the accused should have been executed on July 30, which fell on Saturday instead of Friday as the judgment directed.

Inasmuch as the judgment of May 31 was valid, it is argued, it was a final judgment and the court's authority over the case ended with the ending of the May term, June 3. Hence, it is said, in the absence of statute, the court had no right to resentence the accused on July 18.

Moreover, it is said, Code, sec. 4943-a, does not apply because that statute gives the court the right to fix a new day for the execution where "the day fixed for the execution of a sentence of death *shall have passed* without the execution of such sentence," and here the day fixed for the execution, July 30, had not passed when the order was entered on July 18 by which the accused was resentenced.

Of course, if the order of May 31, by which the accused was sentenced to be executed on Friday, July 30, was void for uncertainty, then admittedly the accused had no case. But aside from this, there is no merit in the petitioner's contention. In this State there is no statute which directs the trial court to fix the date of execution of one convicted of a capital crime.

As is pointed out in *State v. Shawn*, 40 W. Va. 1, 20 S. E. 873, 877 (quoted in 5 Michie's Digest, p. 483), it has been

the practice in *Virginia* for the trial courts to fix the date of execution.

In the absence of statute requiring the trial court to fix the date of execution, it is held that its act in doing so is not a part of the "sentence proper" or judgment of conviction. The fixing of such a date is ministerial and not judicial. 15 Am. Jur., Criminal Law, sec. 448, pp. 108, 109; *State* v. *Haddox*, 50 W. Va. 222, 40 S. E. 387.

This court so held in *Nicholas* v. *Commonwealth*, 91 Va. 813, 814, 22 S. E. 507. In that case a judgment fixing the punishment of the accused at death was affirmed and pending the appeal the date originally fixed for the execution had passed. The lower court entered a judgment fixing a new date for the execution, and to this judgment the accused sought a writ of error which was denied. Judge Riely pointed out that the judgment of conviction which was affirmed had become final and could not be disturbed by the lower court; that in fixing a new date for the execution the lower court was performing "not a judicial act" but "merely a ministerial duty", and that since the final judgment was valid and final "it is within the power of the court that rendered it to do whatever is necessary for its execution." (91 Va., p. 815.)

The same principles apply here. While the judgment of May 31, which convicted the accused of murder in the first degree and sentenced him to death became final at the end of the term, since the court in the performance of its ministerial act had fixed for the time of the execution a date which was ambiguous, if not void, it had the authority under the *Nicholas Case* in the performance of its ministerial duty, to fix a proper date for the execution of the sentence.

For these reasons we are of the opinion that the writ should be denied.

*Writ of error denied.*