# Mickey Wayne Davidson

### v.

# Commonwealth of Virginia

Record No. 930154

June 11, 1993

Present: All the Justices

*Anthony F. Anderson (Melissa W. Friedman,* on brief), for appellant.

*Donald R. Curry, Senior Assistant Attorney General (Stephen D. Rosenthal, Attorney General; Oliver L. Norrell, III, Assistant Attorney General,* on brief), for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

In this appeal, we consider whether the trial court erred in concluding that it lacked jurisdiction to grant a stay of execution to a prisoner who had exhausted his remedy of direct appeal and had

requested court-appointed counsel under Code § 19.2-163.7, but had not filed a petition for writ of habeas corpus.*

On July 11, 1991, Mickey Wayne Davidson was convicted on three counts of capital murder and sentenced to death. This Court, on June 5, 1992, affirmed the convictions and the sentence of death. *Davidson v. Commonwealth*, 244 Va. 129, 419 S.E.2d 656, *cert. denied*, ___ U.S. ___, 113 S.Ct. 423 (1992). On July 8, 1992, the trial court set Davidson's execution date for August 20, 1992. On August 17, 1992, Davidson filed a motion in the trial court seeking a stay of execution so that he could file a petition for writ of certiorari in the United States Supreme Court. On August 18, 1992, the trial court entered an order staying Davidson's execution and the United States Supreme Court denied his certiorari petition on November 2, 1992.

On December 8, 1992, Davidson informed the Commonwealth that he did not wish to pursue any further judicial remedies. On December 14, 1992, the trial court set Davidson's execution date for February 3, 1993. On January 8, 1993, Davidson filed a motion in the trial court, pursuant to Code § 19.2-163.7, requesting that counsel be appointed to represent him in filing a petition for a writ of habeas corpus.

The trial court appointed habeas counsel on January 22, 1993. The same day, late in the afternoon, habeas counsel informed the trial court that Davidson had decided not to file a habeas corpus petition and that he did not seek a stay of execution. On February 1, 1993, habeas counsel informed the trial court that Davidson had changed his mind and that he intended to file a petition for a writ of habeas corpus. Counsel requested that the trial court grant Davidson a stay of execution.

On February 2, 1993, the trial court denied Davidson's motion for a stay of execution, holding that Rule 1:1 had divested the court of jurisdiction 21 days after final judgment was entered on July 11, 1991. The trial court further ruled that the only authority to stay an execution after the passage of that 21-day period is found in Code § 53.1-232, which authorizes the trial court to fix a new date for execution once an existing execution date has passed. Since the date for Davidson's execution had not passed, the trial court concluded

---

* Code § 19.2-163.7 provides, in material part:

"If [a] sentence of death is affirmed on appeal, the [trial] court shall, upon request, appoint counsel . . . to represent an indigent prisoner under sentence of death in a state habeas corpus proceeding."

that its jurisdiction to stay Davidson's execution could be invoked only upon the filing of a petition for a writ of habeas corpus. The trial court then denied Davidson's motion for a stay of execution and this appeal followed. This Court issued a stay of execution pending the final determination of this appeal.

Davidson argues that Rule 1:1 did not divest the trial court of jurisdiction to grant a stay of execution because a stay does not modify, suspend, or vacate a final order. Instead, he asserts, a stay only postpones the execution of a final order.

In response, the Commonwealth contends that the December 14, 1992 order setting Davidson's execution date was a final order within the meaning of Rule 1:1. Since a motion to stay was not filed within 21 days of that order, the Commonwealth asserts that Rule 1:1 divested the trial court of jurisdiction to stay the execution until Davidson filed a petition for a writ of habeas corpus. We disagree with the Commonwealth.

Rule 1:1 provides, in material part, that ''[a]ll final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.'' The December 14, 1992 order setting Davidson's execution date was not a final order because it was not a disposition of the whole subject before the court in Davidson's case. *See Daniels v. Truck & Equip. Corp.*, 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964). Rather, it was a ministerial act that served only to ''fix a day when the judgment already existing should be executed.'' *Nicholas v. Commonwealth*, 91 Va. 813, 815, 22 S.E. 507, 508 (1895); *see Rose v. Commonwealth*, 189 Va. 771, 776, 55 S.E.2d 33, 35 (1949).

We also hold that Rule 1:1 does not preclude the entry of an order staying an execution date because such an order would not modify, vacate, or suspend a capital murder conviction and sentence of death. A stay order merely postpones the date when a final judgment will be executed; it does not alter the substantive provisions of that final judgment. Thus, a stay order is distinguishable from an order suspending a previously-imposed sentence, such as that considered in *In re: Dept. of Corrections*, 222 Va. 454, 463, 281 S.E.2d 857, 862 (1981).

Next, we disagree with the Commonwealth's contention that Code § 53.1-232 specifically limits the trial court's authority to fix a new execution date to circumstances when the date fixed for execution has already passed. Code § 53.1-232(B) provides, in material part, that

[w]henever the day fixed for the execution of a sentence of death shall have passed without the execution of the sentence and it becomes necessary to fix a new date therefor, the circuit court which pronounced the sentence shall fix another day for the execution.

Code § 53.1-232 does not confer jurisdiction upon the trial court. Rather, it merely assigns the responsibility for setting a new execution date to the circuit court that pronounced the sentence of death. In doing so, Code § 53.1-232 insures that there is continuing supervision of the death sentence by the trial court. Thus, this section neither explicitly nor implicitly prevents the trial court from exercising its authority to grant a stay of execution when the existing execution date has not passed.

Davidson next argues that, since the entry of an order staying his execution would not violate Rule 1:1, the trial court had the authority to grant the stay in order to effectuate the provisions of Code § 19.2-163.7. Under that section, after a sentence of death is affirmed on appeal, the trial court is required to grant an indigent prisoner's request for the appointment of counsel to represent him in a state habeas corpus proceeding.

In response, the Commonwealth argues that the trial court has authority to grant a stay of execution only after the habeas petition actually is filed. We disagree with the Commonwealth.

Code § 19.2-163.7 is not an empty mandate requiring appointment of counsel irrespective of whether there is sufficient time prior to the execution date for appointed counsel to prepare a petition for a writ of habeas corpus. In order for a prisoner to receive the intended protection of Code § 19.2-163.7, he must be allowed a reasonable period of time during which to consult with counsel and to have counsel prepare his petition. Thus, we conclude that Code § 19.2-163.7 implicitly provides the trial court with discretionary authority to stay execution of a death sentence in order to comply with the intent of the statute.

In so holding, we emphasize that the trial court is not required to grant a stay of execution in every case in which such a request is made. Instead, the trial court must consider whether the time remaining prior to the execution date is sufficient to enable counsel fully to prepare the issues that are proper subjects for habeas review. In the present case, the trial court erred in holding that it did not have jurisdiction to make this determination.

For these reasons, we will reverse the judgment and will remand this matter to the trial court for determination whether a further stay of execution is warranted, and if not, for the setting of an execution date.

*Reversed and remanded.*