*724 BENTON, Judge,
concurring.
The narrow issue presented by this appeal is whether the trial judge had jurisdiction to enter an order allowing the docketing of a judgment for restitution. The record establishes that when the trial judge entered an order permitting docketing of the final order pursuant to Code § 19.2-305.2(B), more than twenty-one days had elapsed after entry of the final order. I would hold that Rule 1:1 did not bar entry of the order docketing the judgment.
“After the expiration of 21 days from the entry of a judgment, the court rendering the judgment loses jurisdiction of the case, and, absent a perfected appeal, the judgment is final and conclusive.” Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987). Notwithstanding that general rule, the Supreme Court has recently held that “Rule 1:1 does not preclude the entry of an order ... [that] does not alter the substantive provisions of [a] final judgment” and that merely aids in the execution of the final judgment. Davidson v. Commonwealth, 246 Va. 168, 171, 432 S.E.2d 178, 179-80 (1993). Even though a final order has been entered, a judge of the court rendering that judgment “ ‘may still enter such decrees and orders as may be necessary to carry the decree into execution.’ ” Leggett v. Caudill, 247 Va. 130, 133, 439 S.E.2d 350, 351 (1994) (quoting Lee v. Lee, 142 Va. 244, 250, 128 S.E. 524, 526 (1925)). The order that is at issue in this case was not a modification of a substantive provision of the final order; it merely aided' execution of the final order. Accordingly, I concur in the judgment affirming the order of the trial judge.