COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Fulton and Callins
Argued at Richmond, Virginia

JOHN B. RUSSELL, JR.

v.        Record No. 0822-22-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE DOMINIQUE A. CALLINS
JANUARY 30, 2024

FROM THE CIRCUIT COURT OF LANCASTER COUNTY
Harold W. Burgess, Jr., Judge Designate[1]

John B. Russell, Jr., *pro se*.

Jason D. Reed, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


John B. Russell, Jr. pled nolo contendere to practicing law without a license. On appeal, he

argues the trial court erred by accepting his plea and by denying his motion to withdraw the plea.

He also argues the trial court abused its discretion by refusing to admit certain testimony on his

motion to withdraw his plea. We conclude that, under Rule 1:1(a), the trial court did not have

jurisdiction to render the judgment that Russell challenges on appeal.

BACKGROUND

The trial court found Russell guilty of the unauthorized practice of law, in violation of Code

§ 54.1-3904, following Russell's plea of nolo contendere. On September 24, 2021, the court

entered an order convicting Russell and imposing a 6-month jail sentence and a $2,500 fine.

Russell subsequently filed a motion asking the trial court both to vacate his conviction and to allow

---

[1] Judge Roy Michael McKenney accepted Russell's plea, imposed the sentence, and
entered the September 24, 2021 order. After Judge McKenney was recused, Judge Designate
Burgess entered the March 31, 2022 and May 5, 2022 orders.

him to withdraw his plea. A few days later, on October 1, 2021, the trial court entered an order "stay[ing] execution of [the] Sentence to December 17, 2021." The order also acknowledged the withdrawal of Russell's trial counsel and ordered the production of hearing transcripts "if the above Motion is [d]enied by the Court." The order did not address substantively Russell's underlying plea, nor did it otherwise implicate the September 24 order.

On December 17, 2021, the trial court entered an order continuing Russell's motion to vacate and to withdraw his plea. On March 31, 2022, following a hearing on the matter, the trial court entered an order denying Russell's motion and requiring him to report to jail on April 18. Russell subsequently moved the court to reconsider "den[ial of] a stay of execution"[2] and of his withdrawal of his plea; Russell also moved for a new sentencing hearing. The same day Russell filed his motions, April 8, the trial court stayed the March 31 order and suspended it until April 15, 2022. The trial court later extended the stay and suspension to May 13. On May 5, 2022, the trial court entered an order denying Russell's motions for reconsideration and for a new sentencing hearing. Russell appeals to this Court.

ANALYSIS

We are empowered to raise the question of jurisdiction sua sponte at any time, including for the first time on appeal. *Holden v. Commonwealth*, 26 Va. App. 403, 407 (1998); *see also Parrish v. Fed. Nat'l Mortg. Ass'n*, 292 Va. 44, 49 (2016). This inquiry is one we must address prior to considering the merits of an appeal. *Minor v. Commonwealth*, 66 Va. App. 728, 737 (2016). In accordance with Code § 17.1-406(A), this Court has jurisdiction over "any final conviction in a circuit court of . . . a crime." And although the General Assembly recently expanded the jurisdiction of this Court, the powers of the Court continue to be prescribed by statute. *See Minor*,

---

[2] The March 31, 2022 order did not deny a stay of execution. The order denied Russell's motion "to vacate judgment of [the September 24, 2021 order and] to allow withdraw [sic] of plea."

66 Va. App. at 738. Thus, we have "jurisdiction to consider [t]his appeal only if the trial court had jurisdiction to entertain the underlying motion." *Id.* Whether a trial court properly retained jurisdiction to entertain a motion is a question of law that we review de novo. *Id.* at 738-39. Here, although the trial court retained jurisdiction over Russell's motion to modify his sentence, it lost jurisdiction to entertain his motion to withdraw his plea of nolo contendere.

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and *no longer*." Rule 1:1(a) (emphasis added). Rule 1:1's provisions are intended "to assure the certainty and stability that the finality of judgment[] brings." *N. Va. Real Est., Inc. v. Martins*, 283 Va. 86, 104 (2012). Rule 1:1 further supports "the firmly established law of this Commonwealth that a trial court speaks only through its written orders." *Kosko v. Ramser*, 299 Va. 684, 689 (2021) (quoting *Davis v. Mullins*, 251 Va. 141, 148 (1996)).

The 21-day period "commences with the entry of the final order and 'may be interrupted only by the entry, within the 21-day period after final judgment, of an order [modifying,] suspending or vacating the final order.'" *Minor*, 66 Va. App. at 739 (quoting *James v. James*, 263 Va. 474, 482 (2002)). Pendency of a post-judgment motion more than 21 days after the final judgment does not act to toll the 21-day period prescribed by Rule 1:1. *Id.* (quoting *Sch. Bd. of City of Lynchburg v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556 (1989)).

Our Supreme Court has repeatedly said that to "'avoid the application of the 21 day time period' running from what would otherwise be a final order, the order must include '*specific* language stating that the court is retaining jurisdiction' over the case." *Monroe v. Monroe*, ___ Va. ___, ___ (July 20, 2023) (quoting *Johnson v. Woodard*, 281 Va. 403, 409 (2011)). The trial court's *intent* to rule on pending motions is "insufficient to negate the finality of an order rendering a final judgment." *Carrithers v. Harrah*, 60 Va. App. 69, 74-75 (2012) (stating that "even if an order

- 3 -

granting a final judgment on the merits of a case contains express language indicating that the trial court *intends* to rule . . ., such language does not negate the fact that such an order is in fact a final judgment"). This is "particularly true" when the trial court's intention is not expressed in the order. *Id.* at 75. Thus, when a trial court enters an order and renders judgment against an accused, "[u]nless a court vacates or suspends a final order during the twenty-one-day period or some other exception to the general rule applies, the court loses jurisdiction over the case and any action taken by the trial court after the twenty-one-day period has run is a nullity." *Minor*, 66 Va. App. at 739-40.

The trial court entered a final order on September 24, 2021, convicting Russell of a misdemeanor under Code § 54.1-3904 and imposing a jail sentence of 6 months and a $2,500 fine. *See Dobson v. Commonwealth*, 76 Va. App. 524, 528 (2023) ("In a criminal case, the final order is the sentencing order." (quoting *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020))). The October 1, 2021 order staying the execution of the sentence did not affect the finality of the conviction. *See Preston v. Commonwealth*, 14 Va. App. 731, 735 (1992) (holding that an "order postponing execution of the judgment of conviction . . . does not vacate the judgment or affect finality of the judgment" (citing Code § 19.2-319)). This is because the imposition of judgment is distinct from the execution of judgment. *See Kosko*, 299 Va. at 687 ("A final order is one which 'disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment.'" (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002))). An order staying execution of a sentence "merely postpones the date when a final judgment will be executed; it does not alter the substantive provisions of that final judgment." *Davidson v. Commonwealth*, 246 Va. 168, 171 (1993). Thus, an execution of judgment is a "ministerial act" over which a trial court retains jurisdiction even after it no longer has jurisdiction of the underlying conviction. *See id.* (holding that an order setting appellant's execution date was "a

ministerial act that served only to 'fix a day when the judgment already existing should be executed'" (quoting *Nicholas v. Commonwealth*, 91 Va. 813, 815 (1895))). The October 1 order stayed the execution of Russell's sentence,[3] but it did not modify, vacate, or suspend the order of conviction beyond the 21-day period delineated by Rule 1:1.

Russell's contention that the parties "rightfully believe[d]" that the trial court modified and suspended the September 24, 2021 order is unavailing. *Copeland v. Commonwealth*, 52 Va. App. 529, 531 (2008) (recognizing that this Court has no obligation to accept parties' concessions of law). He also argues that Rule 1:1 is not meant to be a trap for litigants, thereby requiring the trial court to use "magic words." Rule 1:1 does not require incantation; it requires specificity. Our Supreme Court has repeatedly stated that, to toll the finality of an order, a trial court must include "specific language" stating that it is retaining jurisdiction over a case. *Johnson*, 281 Va. at 409. A trial court speaks *only* through its orders. *Kosko*, 299 Va. at 689 (noting the consistency of this approach with "firmly established law"). It does not speak through insinuation, innuendo, or the parties' agreed understanding. Even the trial court's good faith *intent* to rule on Russell's motions is "insufficient to negate the finality of an order rendering a final judgment." *Carrithers*, 60 Va. App. at 75.[4] Although different words could produce the same effect, an order that uses the exact words of Rule 1:1 will unquestionably allow a trial court to retain jurisdiction over a case.

---

[3] A trial court may suspend or modify a jail sentence for a misdemeanor conviction "at any time before the sentence has been completely served." *See* Code § 19.2-303; *accord Dobson*, 76 Va. App. at 529-30. Here, the trial court explicitly stayed execution of Russell's jail sentence until its last order of May 5, 2022. Thus, the trial court had jurisdiction to consider Russell's motion to reconsider its "denying a stay of execution of [Russell's] sentence."

[4] By this we do not imply that the trial court, here, intended to do anything other than what it did: that is, stay execution of Russell's jail sentence. But to the extent the trial court stayed execution of the sentence to retain jurisdiction to consider Russell's motions for post-judgment relief, we hold that the stay had no such effect.

The September 24, 2021 order imposed a judgment of conviction against Russell. No subsequent order of the trial court modified, vacated, or suspended the conviction. Thus, the trial court lost jurisdiction of the judgment 21 days after the September 24 order and each order entered after that period is a nullity. Because the trial court had no jurisdiction to rule on Russell's motion to withdraw his plea, we have no jurisdiction to entertain an appeal of the same.

CONCLUSION

For the foregoing reasons, we dismiss the appeal.

*Dismissed.*